UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00394-RJC-DCK

| TODD SAVAGE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| CAROLYN W. COLVIN,[1] | ) |  |
| **Acting Commissioner of Social Security** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 12), Defendant's Motion for Summary Judgment, (Doc. No. 16), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 18), Plaintiff's Objection to the M&R, (Doc. No. 19), and Defendant's Reply to the Objection, (Doc. No. 20).

**I.     BACKGROUND**

    A.     <u>Procedural Background</u>

Plaintiff Todd Savage ("Plaintiff") seeks judicial review of the Commissioner's denial of his social security claim. (Doc. No. 1). Plaintiff obtained Supplemental Security Income ("SSI") benefits as a child. (Doc. No. 10-3 at 51). Upon Plaintiff's eighteenth birthday, he was evaluated to determine whether SSI benefits would continue. (Doc. No. 10-3 at 51). On February 1, 2009, the Commissioner decided that Plaintiff no longer qualified for SSI benefits,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

and affirmed the decision upon reconsideration. (Doc. No. 10-5 at 6, 7). On July 7, 2009, a Disability Hearing Officer found that Plaintiff no longer qualified for SSI benefits after testimony from Plaintiff and his mother at a hearing held on July 2, 2009. (Doc. No. 10-6 at 27, 35).

Upon Plaintiff's request, the Administrate Law Judge ("ALJ") held a hearing on January 27, 2010, to decide whether Plaintiff's claim for SSI benefits should be granted. (Doc. Nos. 10-3 at 50; 10-6 at 36). On May 13, 2010, the ALJ found that Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act, and denied Plaintiff's claim for SSI benefits. (Doc. No. 10-3 at 28).

Plaintiff asked the Appeals Council to review the ALJ's decision and submitted additional evidence for the Appeals Council to consider. (Id. at 27). Plaintiff's request for review ("Request for Review") was denied on May 3, 2012, making the ALJ's finding on May 13, 2010, the final decision of the Commissioner. (Id. at 2).

On June 26, 2012, Plaintiff filed a Complaint seeking judicial review of the Commissioner's decision to deny SSI benefits. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 12), and Memorandum in Support, (Doc. No. 12-1), were filed on November 16, 2012. Defendant's Motion for Summary Judgment, (Doc. No. 16), and Memorandum in Support, (Doc. No. 17), were filed on March 15, 2013. On March 22, 2013, the Magistrate Judge issued an M&R, (Doc. No. 18), recommending that this Court deny Plaintiff's Motion for Summary Judgment, (Doc. No. 12), and grant Defendant's Motion for Summary Judgment, (Doc. No. 16). Plaintiff filed an Objection to the M&R on April 4, 2013, (Doc. No. 19), and Defendant filed a Reply to the Objection on April 10, 2013, (Doc. No. 20).

B.  Factual Background

The question before the ALJ was whether Plaintiff, who had received SSI benefits as a child, was disabled and qualified for SSI benefits under the rules for determining disability in adults. (Doc. No. 10-3 at 31).[2] After reviewing all the evidence, the ALJ concluded that Plaintiff's "disability ended on February 1, 2009, and . . . [he] has not become disabled again since that date. (Id. at 43).

To determine whether a claimant is disabled, the SSA established a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

See 20 C.F.R. § 404.1520(a)(4)(i-v).

The ALJ did not apply step one because it is not used for redetermining disability at age eighteen. 20 C.F.R. 416.987(b); (Doc. No. 10-3 at 32). The ALJ found that Plaintiff failed to satisfy step three because Plaintiff did not meet the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing(s)"). (Id. at 34). The ALJ found that Plaintiff did not meet the paragraph C requirements of the 12.05 Listing because "the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and physical or other mental impairment imposing an additional and significant work-related limitation of function." (Doc. No. 10-3 at 35). Evidence cited by the ALJ to support this conclusion included testimony from Plaintiff and medical evidence submitted by Ms. Zhiss and Dr. Hargrow that indicated that Plaintiff was not depressed. (Id.). Ms. Zhiss is a licensed psychological associate and Dr. Hargrow acted as the supervising psychologist. (Doc. No. 10-9 at 36). The ALJ discounted the opinion of Ms. Roslyn Walker's ("Walker") evaluation in 2009 because of Walker's "own doubts about the . . . tests, and the accuracy of the results; and the disparity between the claimant's previous test results and the results of Ms. Walker's testing . . . ." (Doc. No. 10-3 at 34). Walker is a licensed psychological associate. (Doc. No. 10-4 at 11).

Then, under step four, the ALJ found that Plaintiff had the residual functional capacity to perform unskilled work at all exertional levels, but was limited to nonexertional levels, including "simple, routine, repetitive tasks of unskilled work." (Doc. No. 10-3 at 37). Accordingly at step five, the ALJ found Plaintiff was not disabled under section 204.00 in the Medical-Vocational Guidelines because Plaintiff's "limitations ha[d] little or no effect on the occupational base of unskilled worked at all exertional levels." (Id. at 43).

After the ALJ decided that Plaintiff was not eligible for SSI benefits, Plaintiff was evaluated by Dr. Britt on October 25, 2010, (Doc. No. 10-3 at 7), and Dr. Steinmuller on February 21, 2011, (Id. at 11: "Britt and Steinmuller evaluations"). Britt and Steinmuller diagnosed Plaintiff with dysthymia,[3] but the Appeals Council found that their evaluations did not relate to the time period considered by the ALJ. (Id. at 3).

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v.

---

[3] Diagnosis requires "a low, dark, or sad mood on most days for at least 2 years." U.S. Nat'l Library of Med., http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001916/ (last updated Sept. 17, 2012).

Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal to this Court, Plaintiff objects to the M&R on five grounds: (1) the Magistrate Judge applied the wrong legal standard to determine whether the new evidence related to the relevant time period considered by the ALJ; (2) the Magistrate Judge improperly considered whether the new evidence was material, and did so under the wrong legal standard; (3) the threshold requirement of Listing 12.05 was satisfied, (4) the Magistrate Judge erred by stating that the ALJ found that Plaintiff did meet the first prong of Listing 12.05C; and, (5) the ALJ failed to meet his duty to make adequate findings as to the second prong of Listing 12.05C. (Doc. No. 19).

Plaintiff also objects to the Commissioner's and the Magistrate Judge's novel rationales to support their findings that Listing 12.05C had not been met. These alleged new rationales on appeal include: (1) the Magistrate Judge's statement that Rosslyn Walker is not a licensed psychologist; (2) the statements of state agency doctors that Plaintiff is not depressed; and, (3)

6

the Magistrate Judge's finding about the work-related functional effect of Plaintiff's alleged depression. (Doc. No. 19 13-17). While these rationales may or may not be appropriate, this Court finds these rationales immaterial in determining the instant case. Therefore, no further discussion on these rationales is necessary. The Court reviews Plaintiff's objections to the M&R de novo.

      A.    <u>Whether the New Evidence Relates to the Time Period On or Before the Date of the ALJ Decision</u>

Plaintiff argues that the Britt and Steinmuller evaluations related to the time period on or before the ALJ's decision and that the Appeals Council was required to consider the new evidence. (Doc. No. 19 at 2). Specifically, Plaintiff asserts that the Appeals Council applied the wrong legal standard by limiting its inquiry to the dates on the reports. (<u>Id.</u>). Plaintiff also alleges that the Magistrate Judge erred by taking part in fact-finding to support the ALJ's decision and that the Magistrate applied the wrong legal standard by weighing the new evidence against evidence in the record. (<u>Id.</u> at 4-6).

Conversely, the Magistrate Judge recommended, and this Court agrees, that the Appeals Council correctly concluded that the Britt and Steinmuller evaluations did not relate to the relevant time period. <u>See</u> 20 C.F.R. § 416.1470(b) (2012) (requiring new evidence to "relate[] to the period on or before the date of the administrative law judge decision."). While the date on which an examination is conducted is not dispositive, <u>see</u> <u>Bird v. Commissioner of Social Security Administration</u>, 699 F.3d 337, 341 (4th Cir. 2012), it cannot be assumed from the Appeal Council's brief explanation that the decision was based on the dates of the examinations. The Appeals Council is not required to articulate its reasoning, and this Court cannot conclude from the reasoning provided that the Appeals Council only looked as far as the dates on the

examination reports. Meyer v. Astrue, 662 F.3d 700, 706 (4th Cir. 2011) (establishing that the Appeals Council is not required to provide reasoning "when it considers new evidence and denies review"). Although judicial review is difficult in cases where the Appeals Council denies a request for review without providing thorough reasoning, it is not impossible. Id. at 707. Judicial review is feasbile if the record as a whole supports the Commissioner's decision. Id.

Viewed in whole, the evidence in the record negates Plaintiff's claim that the Britt and Steinmuller evaluations relate to the relevant time period. See Id. (establishing that where the new evidence is negated by the record as a whole, the ALJ's decision should be affirmed). Accordingly, the Magistrate Judge correctly stated that "both evaluations suggest that Plaintiff's condition may have deteriorated after the ALJ issued his decision . . . " because the record as a whole supported that conclusion. (Doc. No. 18 at 14). Plaintiff's claim that he had difficulty sleeping and eating, as reported in the Steinmuller evaluation, (Doc. No. 10-3 at 12), stands in stark contrast to Plaintiff's testimony given a few months before the ALJ decision. (Id. at 84-85). The evidence considered by the ALJ showed that Plaintiff had no difficulty with sleeping or eating. (Id.). Likewise, the Britt evaluation showed an IQ score twenty-three points below the IQ score reported in 2008, (Doc. No. 10-9 at 34), and seven points below the lowest score reported in 2009, (Doc. No. 10-4 at 7). Additionally, in light of the conflicting evidence, a simple recitation of Plaintiff's background, education, and work history in the Britt evaluation report does not result in a conclusion that the evaluation relates to the relevant time period. While the Court agrees with Plaintiff that it is not for a reviewing court to weigh the evidence again, Hays, 907 F.2d at 1456, the evidence as a whole supports the ALJ's determination that the new evidence does not relate to the relevant time period. When viewing the evidence as a whole,

8

there is no inference that the new evidence relates to the relevant time period because of the contrary evidence in the record. See Bird, 699 F.3d at 341 (holding that new medical evidence is generally admissible when the new evidence "permits an inference of linkage with the claimant's [previous] condition").

Accordingly, the Appeals Council did not err by failing to consider the new evidence because the evidence on the record as a whole establishes the Britt and Steinmuller evaluations did not relate to the relevant time period.

      B.    <u>Whether it was Improper for the Magistrate Judge to Discuss the Materiality of the New Evidence</u>

Plaintiff asserts that the Magistrate Judge erred by determining that the Britt and Steinmuller evaluations were not material because the Appeals Council did not make that finding. (Doc. No. 19 at 7). Plaintiff further claims that even if the Magistrate Judge can make a finding not identified by the Appeals Council, the Magistrate Judge applied the wrong standard in determining the materiality of the new evidence. (Id. at 7, 8).

Even though the Appeals Council did not discuss whether the new evidence was material, the Magistrate Judge did not err by discussing the issue. The Appeals Council is not required to articulate its reasoning, Meyer, 662 F.3d at 706, and for the reasons aforementioned, analyzing the evidence in the record as a whole to determine materiality is not improper fact-finding. Additionally, because the new evidence did not relate to the relevant time period, the materiality of the new evidence is not dispositive.

Even assuming, arguendo, that the materiality of the evidence is dispositive, the Magistrate Judge applied the correct legal standard in determining that the Britt and Steinmuller evaluations are not material. The legal standard cited by Plaintiff states that the materiality of

9

evidence depends on whether "there is a reasonable possibility that [it] would have changed the outcome." The Fourth Circuit case, <u>Jones v. Dep't of Health and Human Servs.</u>, cited by the Magistrate Judge, simply clarifies the <u>Wilkins</u> standard, and serves as an appropriate citation for the legal standard. No. 97-1107, 1998 WL 85408 , at *3 (4th Cir. Feb. 27, 1998) (explaining that new evidence is material when it would "so substantially alter the weight of the evidence as to indicate that a reasonable mind could not find the evidence adequate to support a finding by the ALJ of no disability").

      C.      <u>Whether the Threshold Requirement of Listing 12.05 is Met</u>

Plaintiff asserts, and this Court agrees, that the Magistrate Judge erred by concluding that the ALJ made a negative finding on whether Plaintiff had deficits in adaptive functioning that initially manifested before age twenty-two – a threshold requirement for satisfying Listing 12.05C. 20 C.F.R. Part 404, Subpt. P, App. 1, Listing § 12.05; (Doc. No. 19 at 18). Because Plaintiff was approved for SSI benefits as a child, (Doc. No. 10-3 at 31), and the ALJ did not make a clear finding on the issue, <u>see</u> (<u>Id.</u> at 30-42), it appears to the Court that the threshold requirement has been satisfied. <u>See</u> Lively v. Sec'y of Health & Human Servs., 820 F.2d 1391, 1392 (4th Cir. 1987) ("Congress has clearly provided by statute that *res judicata* prevents reappraisal of both the Secretary's findings and his decision in Social Security cases that have become final . . . ."). The Magistrate Judge's error, however, is not a reversible error because it does not appear to this Court that the ALJ denied Plaintiff's claim based on this issue.

      D.      <u>Whether the ALJ Issued a Finding as to the First Prong of Listing 12.05C</u>

Plaintiff next argues that the Magistrate Judge erred by finding that he did not meet the first prong of 12.05C -- having a "valid, verbal, performance, or full scale IQ of 60 through 70."

(Doc. No. 19 at 9). Plaintiff claims that the ALJ never made a finding as to the IQ range and that the Magistrate Judge incorrectly determined that this requirement was not satisfied. (Id.)

However, it appears to this Court that the Magistrate Judge did not err by stating that Plaintiff did not have an IQ score of 60 through 70 because the ALJ made that finding. (Doc. No. 10-3 at 35). The ALJ specifically stated that "the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 <u>and</u> a physical or other mental impairment . . . ." (Id.) (emphasis added). Plaintiff suggests that the ALJ made no finding as to the first prong of Listing 12.05C because the word "and" separates the two pronged requirement of Listing 12.05C. (Doc. No. 19 at 9). Plaintiff's argument, however, lacks merit because "and" suggests that the ALJ determined that the first prong <u>and</u> the second prong of Listing 12.05C were not met. Accordingly, it was not improper for the Magistrate Judge to state that Plaintiff did not meet the first prong of Listing 12.05C because the ALJ made that finding.

  E. <u>Whether the ALJ Met his Duty as to the Second Prong of Listing 12.05C</u>

Plaintiff also argues that the ALJ failed to meet his duty to make adequate findings as to the second prong of Listing 12.05, (Doc. No. 19 at 11), which requires having a "physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1. Specifically, Plaintiff asserts that the ALJ failed to meet his duty to make adequate findings as to whether Plaintiff suffered from depression or attention deficit hyperactivity disorder. (Id. at 12). Plaintiff claims that the ALJ did not make a finding on whether Plaintiff suffered from depression. (Id.). Accordingly, Plaintiff objects to the Magistrate Judge's recommendation to affirm the ALJ's decision. (Id.).

The ALJ's discussion, however, specifically states that the ALJ "declines to diagnose the claimant with either depression or attention deficit hyperactivity disorder." (Doc. No. 10-3 at 35). It appears to this Court that by the ALJ declining to diagnose Plaintiff with depression, he was effectively concluding that Plaintiff was not depressed for purposes of satisfying Listing 12.05C. There exists substantial evidence supporting the ALJ's finding: Plaintiff ate and slept well, did not feel sadness at school, had a bright affect, did not appear depressed during his consultative psychological evaluation, and did not currently use marijuana or alcohol. (Id.). Further, Plaintiff's mother testified that Plaintiff only felt depressed sometimes. (Id. at 98) Accordingly, because substantial evidence on the record contradicts Ms. Walker's opinion that Plaintiff suffered from dysthymic disorder, the ALJ properly discounted the opinion. Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (establishing that "the consistency of the opinion with the record" is one way a court may evaluate and provide weight to medical opinions). Moreover, the ALJ did not fail to meet his duty by not ordering a second consultative examination because Plaintiff never requested a second consultative examination before the ALJ decision. It is at the ALJ's discretion to order a consultative examination when there is insufficient evidence to support a decision or when the evidence is inconsistent. 20 C.F.R. § 416.919a(b) (2012).

Therefore, it appears to this Court that the ALJ did find that Plaintiff was not depressed for purposes of Listing 12.05C, and did not err by not ordering a second consultative examination.

## IV. CONCLUSION

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's final disposition, (Doc. No. 18), is **ADOPTED**, and

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 12), is **DENIED**;

3. Defendant's Motion for Summary Judgment, (Doc. No. 16), is **GRANTED**; and

4. The Clerk of Court is directed to close this case.

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge